**STATE OF RHODE ISLAND** **SUPERIOR COURT**
**NEWPORT, SC.**

| | | |
|---|---|---|
| **RAEMOND SANFORD,** a minor, by and through **DAVID SANFORD** and **KELLY SANFORD,** as parents and natural guardians, **Plaintiff,** | : | |
| v. | : | **C.A. No. 06-** |
| **TOWN OF TIVERTON,** by and through its treasurer, **JAMES AMARANTES, TOWN OF TIVERTON SCHOOL DEPARTMENT, NEWPORT COUNTY REGIONAL SPECIAL EDUCATION PROGRAM, KRISTEN FOLEY, DONALD DECOSTA and PRINCIPAL AULL,** **Defendants** | : | |

NEWPORT SUPERIOR COURT FILED JANE H. ANTHONY, CLERK 05 SEP 27 PM 12:50

## COMPLAINT

### I. Introductory Statement

This action is brought by the Plaintiff, by and through his parents and natural guardians, seeking declaratory and injunctive relief, attorney's fees and litigation expenses and other equitable relief, as well as compensatory and punitive damages to remedy unlawful discrimination in education the Plaintiff suffered on account of his disability in violation in violation of the Fourth and Fourteenth Amendments to the United States Constitution, actionable pursuant to 42 U.S.C. §1983, the Americans with Disabilities Act, 42 U.S.C. §12131, *et seq.* ("ADA"), the Rehabilitation Act, 29 U.S.C. §794, *et seq.* ("Rehabilitation Act"), Article I, §§2 and 6 of the Rhode Island Constitution, the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.* ("RICRA"), and common law.

True Copy Attest
Jane M. Anthony
Office of Clerk of Superior Court
County of Newport
Newport, Rhode Island

## II. Parties

1. Plaintiff Raemond Sanford is a resident of the Town of Tiverton, County of Newport, State of Rhode Island.

2. Defendant Town of Tiverton ("Town") is a duly authorized and organized municipality pursuant to the laws of the State of Rhode Island and is sued by and through its Treasurer, James Amarantes, the official designated by State Law, R.I.G.L. §45-15-5, to be named in a suit for relief against the Town.

3. Defendant Town of Tiverton School Department ("Department") is a school department duly organized and existing under the laws of the State of Rhode Island.

4. Defendant Newport County Regional Special Education Program ("Program") is an educational collaborative, established pursuant to R.I.G.L. §16-3.1-7, for the Towns of Portsmouth, Middletown, Tiverton and Little Compton, Rhode Island. The purpose of the Program is to provide special education services for children identified with disabilities.

5. Defendant Principal Aull ("Aull"), alias, was, at all relevant times herein, employed by Defendant Town as the Principal of Town Middle School.

6. Defendant Donald DeCosta ("DeCosta"), was, at all relevant times herein, employed by Defendant Program as its Executive Director.

7. Defendant Kristine Foley ("Foley") was, at all relevant times herein, employed by Defendant Town and/or Program as an educational teacher's aide.

## III. Jurisdiction

8. The monetary amount claimed herein is sufficient to establish the jurisdiction of the Superior Court.

True Copy Attest
Jane M. Anthony
Office of Clerk of Superior Court
County of Newport
Newport, Rhode Island

## IV. Venue

9. Venue is proper in this Court in accordance with R.I.G.L. §9-4-3 insofar as the Plaintiff resides in the County of Newport, State of Rhode Island.

## VI. Material Facts

10. The Plaintiff suffers from cerebral palsy.

11. In September, 2004, the Plaintiff began the fifth grade at the Town Middle School.

12. At that time, he also began receiving services from the Defendant Program.

13. Defendant Program assigned a special needs aide, Defendant Foley, to assist the Plaintiff with his physical, social, and educational needs.

14. Thereafter, the Plaintiff was physically and mentally abused by Defendant Foley.

15. That numerous individuals witnessed the abusive conduct towards the Plaintiff.

16. That Plaintiff's classroom teacher and other teacher's aides complained to Defendants Aull and DeCosta about the abusive and otherwise discriminatory conduct.

17. That Defendants Aull and DeCosta did not effectuate remedial measures to stop the abusive and discriminatory conduct.

18. As a result of Defendants Aull and DeCosta's refusal and/or failure to effectuate remedial measures to stop the Defendant Foley's abusive and discriminatory conduct, it continued.

19. That Defendants Town, Department, Program, Aull, and DeCosta failed to properly select, train, instruct, supervise, and discipline members of the Town School Department and/or Program, including Defendant Foley.

20. That on information and belief, during all relevant time periods, a custom or policy existed in the Town School Department and/or Program wherein members' misconduct was

True Copy Attest
Jane M. Anthony
Office of Clerk of Superior Court
County of Newport
Newport, Rhode Island

encouraged, ignored, acquiesced to and/or condoned, and to which Defendants Town, Department, Program, Aull, and DeCosta were deliberately indifferent.

21. That Defendant Town is liable under the doctrine of respondeat superior for the negligent acts and/or omissions of its administrators, teachers and agents, including Defendant Foley, employed by the Town School Department and under the supervision of Defendants Aull and DeCosta, whose acts and/or omissions were within the scope of their employment and were the proximate cause of the injuries suffered by the Plaintiff. R.I.G.L. §9-31-1.

22. That Defendant Program is liable under the doctrine of respondeat superior for the negligent acts and/or omissions of its administrators, teachers and agents, including Defendant Foley, employed by the Program and under the supervision of Defendants Aull and DeCosta, whose acts and/or omissions were within the scope of their employment and were the proximate cause of the injuries suffered by the Plaintiff.

23. That Defendants knew or should have known that the abusive treatment of the Plaintiff was unlawful under the circumstances. Despite such knowledge, the Town and/or Program, by and through their policy-making officials and agents, approved, ignored, acquiesced to, condoned, intentionally ignored, and/or were deliberately indifferent to the practice of routinely and unlawfully abusing disabled students at the Town Middle School.

24. Defendants' actions and/or omissions are in violation of the ADA, the Rehabilitation Act, the RICRA, and common law, and were negligent, intentional, willful, malicious, and/or with reckless and callous indifference to the statutorily protected rights of the Plaintiff.

25. As a proximate result of the Defendants' unlawful and/or discriminatory educational practices, including, but not limited to, those described herein, the Plaintiff suffered and will continue to suffer physical pain and suffering, severe mental anguish, other pain and suffering, incur

True Copy Attest
Jane M. Anthony
Office of Clerk of Superior Court
County of Newport
Newport, Rhode Island

expenses for medical care and treatment, loss of enjoyment of life, financial hardship and other great harm.

## VII. Claims For Relief

26. Plaintiff incorporates in the counts below the allegations contained in paragraphs 1-25 above.

### Count One
### Unreasonable Seizure in Violation of 42 U.S.C. §1983

27. That Defendants, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, caused Plaintiff to be illegally seized in derogation of the Plaintiff's constitutional right to be free from unreasonable seizures, causing Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the Fourth and Fourteenth Amendments of the United States Constitution, actionable pursuant to 42 U.S.C. §1983.

### Count Two
### Deprivation of Due Process in Violation of 42 U.S.C. §1983

28. Defendants, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, caused Plaintiff to be unlawfully seized, assaulted and battered, and denied his lawful right to control his body in derogation of Plaintiff's right to due process of law, causing Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the Fourteenth Amendment of the United States Constitution, actionable pursuant to 42 U.S.C. §1983.

### Count Three
### Unlawful Discrimination--42 U.S.C. §12131, *et seq.*

29. Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in education on account of his disability in violation of the Americans with Disabilities Act, 42 U.S.C.

True Copy Attest
Jane M. Anthony
Office of Clerk of Superior Court
County of Newport
Newport, Rhode Island

§12131, *et seq.*, causing Plaintiff to suffer damages as aforesaid and thereby deprived Plaintiff of rights secured under the ADA.

**Count Four**
**Unlawful Discrimination--29 U.S.C. §794, *et seq.***

30. Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in education on account of his disability in violation of the Rehabilitation Act, 29 U.S.C. §794, *et seq.*, causing Plaintiff to suffer damages as aforesaid and thereby deprived Plaintiff of rights secured under the Rehabilitation Act.

**Count Five**
**Deprivation of Due Process in Violation of Article I, §2 of the Rhode Island Constitution**

31. That Defendants, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, caused Plaintiff to be unlawfully seized, assaulted and battered, and denied his lawful right to control his body in derogation of Plaintiff's right to due process of law, causing Plaintiff to suffer damages as aforesaid, and thereby deprived Plaintiff of rights secured under Article I, §2 of the Rhode Island Constitution.

**Count Six**
**Unreasonable Seizure in Violation of Article I, §6 of the Rhode Island Constitution**

32. That Defendants, acting under color of state law, by their individual and concerted acts and/or omissions, including but not limited to those described herein, caused Plaintiff to be illegally searched and seized in derogation of the Plaintiff's constitutional right to be free from unreasonable search and seizures, causing Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under Article I, §6 of the Rhode Island Constitution.

True Copy Attest

Jane M. Anthony

Office of Clerk of Superior Court
County of Newport
Newport, Rhode Island

**Count Seven**
**Unlawful Discrimination--R.I.G.L. §42-112-1, *et seq.***

33. Defendants, by their individual and/or concerted acts or omissions, including, but not limited to, those described herein, constitute unlawful discrimination against Plaintiff in education account of his disability insofar as said actions and/or omissions resulted in the termination of an educational contract and the loss of benefits, terms and conditions of a contractual relationship existing between the Plaintiff and Defendants Town and/or Program in violation of the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.*, causing Plaintiff to suffer damages as aforesaid, and thereby deprived Plaintiff of rights secured under the RICRA.

**Count Eight**
**Negligence**

34. That Defendants, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, failed or refused to exercise reasonable care to avoid inflicting reasonably foreseeable harm to the Plaintiff, causing the Plaintiff to suffer damages as aforesaid.

**Count Nine**
**Assault**

35. That Defendant Foley, by her acts and/or omissions, including, but not limited to, those described herein, did commit acts of a threatening nature towards the Plaintiff, causing the Plaintiff to reasonably fear imminent bodily harm, thereby committing an assault, causing the Plaintiff to suffer damages as aforesaid.

**Count Ten**
**Battery**

36. That Defendant Foley, by her acts and/or omissions, including, but not limited to, those described herein, did intentionally cause offensive contact with and unconsented touching of

True Copy Attest
Jane M. Anthony
Office of Clerk of Superior Court
County of Newport
Newport, Rhode Island

the Plaintiff as well as trauma upon the body of the Plaintiff, thereby committing a battery, causing the Plaintiff to suffer damages as aforesaid.

**Count Eleven**
**Intentional Infliction of Emotional Distress**

37. That Defendants, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, did intentionally inflict emotional distress upon the Plaintiff or should have known that emotional distress was likely to occur due to their extreme and outrageous conduct, thereby causing the Plaintiff to suffer damages as aforesaid.

**Count Twelve**
**Negligent Infliction of Emotional Distress**

38. That Defendants, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, did negligently inflict emotional distress upon the Plaintiff, thereby causing the Plaintiff to suffer damages as aforesaid.

**Count Thirteen**
**Negligent Supervision and Training**

39. That Defendants Town, Department, Program, Aull and DeCosta, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, did negligently train and supervise Defendant Foley resulting in the Plaintiff being subjected to numerous acts of discrimination, harassment and abuse, thereby causing the Plaintiff to suffer damages as aforesaid.

**VIII. Prayers for Relief**

**WHEREFORE**, Plaintiff respectfully prays that this Court grant the following relief:

1. A declaratory judgment that the Defendants, in the manner described herein, unlawfully discriminated against the Plaintiff in violation of the Americans with Disabilities Act, 42

True Copy Attest

Jane M. Anthony

Office of Clerk of Superior Court
County of Newport
Newport, Rhode Island

U.S.C. §12131, *et seq*., the Rehabilitation Act, 29 U.S.C. §794, *et seq*., and the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq*.

2. A declaratory judgment that the Defendants, in the manner described herein, violated the Fourteenth Amendment to the United States Constitution and Article I, §2 of the Rhode Island Constitution by causing or allowing Plaintiff to be violently assaulted and injured in violation of his right to due process of law.

3. A declaratory judgment that the Defendants, in the manner described herein, violated the Fourth and Fourteenth Amendments to the United States Constitution and Article I, §6 of the Rhode Island Constitution by causing Plaintiff to be unlawfully searched.

4. Enjoining and permanently restraining the Defendants from violating the Fourth and Fourteenth Amendments to the United States Constitution, the Americans with Disabilities Act, 42 U.S.C. §12131, *et seq*., the Rehabilitation Act, 29 U.S.C. §794, *et seq*., Article I, §§2 and 6 of the Rhode Island Constitution, and the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq*.

5. Award Plaintiff compensatory damages for future pecuniary losses, expenses for medical care and treatment, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, plus prejudgment interest thereon.

6. Award Plaintiff punitive damages for Defendants' intentional, malicious, reckless and/or willful violation of the Fourth and Fourteenth Amendments to the United States Constitution, the Americans with Disabilities Act, 42 U.S.C. §12131, *et seq*., the Rehabilitation Act, 29 U.S.C. §794, *et seq*., Article I, §§2 and 6 of the Rhode Island Constitution, and the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq*.

True Copy Attest

Jane M. Anthony

Office of Clerk of Superior Court
County of Newport
Newport, Rhode Island

7. Award Plaintiff reasonable attorney's fees and costs of litigation pursuant to 42 U.S.C. §1988, the Americans with Disabilities Act, 42 U.S.C. §12133, the Rehabilitation Act, 29 U.S.C. §794a, and the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-2.

8. Such other and further relief as the Court deems just and proper.

**IX. Demand for Jury Trial**

Plaintiff hereby demands a trial by jury on all counts so triable.

**X. Designation of Trial Counsel**

Plaintiff hereby designates V. Edward Formisano, Esquire, as trial counsel.

PLAINTIFF
By his attorneys,
SINAPI, FORMISANO & COMPANY, LTD.

V. Edward Formisano (#5512)
100 Midway Place, Suite 1
Cranston, RI 02920-5707
(401) 944-9690
(401) 943-9040 (facsimile)

True Copy Attest

Jane M. Anthony

Office of Clerk of Superior Court
County of Newport
Newport, Rhode Island