UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RAEMOND SANFORD,

*Plaintiff,*

vs.

TOWN OF TIVERTON, by and through its Treasurer, James Amarantes; TOWN OF TIVERTON SCHOOL DEPARTMENT; NEWPORT COUNTY REGIONAL SPECIAL EDUCATION PROGRAM; KRISTEN FOLEY; DONALD DECOSTA; and PRINCIPAL AULL,

*Defendants.*

C.A. No. 06-487 T

## ANSWER

Now come Defendants, Town of Tiverton, by and through its Treasurer, James Amarantes, Town of Tiverton School Department, and Patricia R. Aull ("defendants"), and hereby answer Plaintiff's Complaint ("complaint") as follows:

1. These defendants deny the allegations contained in the unnumbered paragraph of that portion of the complaint entitled, *I. Introductory Statement*.

2. These defendants admit the allegations contained in paragraphs 1, 2, 3, 4, 5, and 6 of that portion of the complaint entitled, *II. Parties.*

3. These defendants deny the allegations contained in paragraph 7 of that portion of the complaint entitled, *II. Parties*, which alleges, in part, that Defendant Foley is or was an employee of the Town of Tiverton. These defendants admit the allegations in said paragraph that

Defendant Foley is or was an employee of the "Program".

4. These defendants make no response to the allegations contained in paragraph 8 of that portion of the complaint entitled, *III. Jurisdiction*, because said paragraph merely sets forth the jurisdictional basis of plaintiff's claim and, thus, no response is required.

5. These defendants make no response to the allegations contained in paragraph 9 of that portion of the complaint entitled, *IV. Venue*, because said paragraph merely sets forth the jurisdictional basis of plaintiff's claim and, thus, no response is required.

6. These defendants admit the allegations contained in paragraphs 10, 11, 12, and 13 of that portion of the complaint entitled, *VI. Material Facts.*[1]

7. These defendants deny the allegations contained in paragraphs 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, and 25 of that portion of the complaint entitled, *VI. Material Facts.*

8. These defendants re-assert and incorporate their responses to paragraphs 1-25, as their response to paragraph 26 that portion of the complaint entitled, *VII. Claims for Relief.*

9. These defendants deny the allegations contained in paragraph 27 of that portion of the complaint entitled, *Count One: Unreasonable Seizure in Violation of 42 U.S.C. § 1983.*

10. These defendants deny the allegations contained in paragraph 28 of that portion of the complaint entitled, *Count Two: Deprivation of Due Process in Violation of 42 U.S.C. § 1983.*

11. These defendants deny the allegations contained in paragraph 29 of that portion of the complaint entitled, *Count Three: Unlawful Discrimination – 42 U.S.C. § 12131, et seq.*

12. These defendants deny the allegations contained in paragraph 30 of that portion of the complaint entitled, *Count Four: Unlawful Discrimination – 29 U.S.C. § 794, et seq.*

---

[1] The complaint does not contain a section V.

13. These defendants deny the allegations contained in paragraph 31 of that portion of the complaint entitled, *Count Five: Deprivation of Due Process in Violation of Article I, § 2 of the Rhode Island Constitution.*

14. These defendants deny the allegations contained in paragraph 32 of that portion of the complaint entitled, *Count Six: Unreasonable Seizure in Violation of Article I, § 6 of the Rhode Island Constitution.*

15. These defendants deny the allegations contained in paragraph 33 of that portion of the complaint entitled, *Count Seven: Unlawful Discrimination – R.I.G.L. § 42-112-1, et seq.*

16. These defendants deny the allegations contained in paragraph 34 of that portion of the complaint entitled, *Count Eight: Negligence.*

17. These defendants make no response to the allegations contained in paragraph 35 of that portion of the complaint entitled, *Count Nine: Assault*, in that said allegations are not directed against these defendants. However, to the extent that these allegations are directed against these defendants, then these allegations are expressly denied.

18. These defendants make no response to the allegations contained in paragraph 36 of that portion of the complaint entitled, *Count Ten: Battery*, in that said allegations are not directed against these defendants. However, to the extent that these allegations are directed against these defendants, then these allegations are expressly denied.

19. These defendants deny the allegations contained in paragraph 37 of that portion of the complaint entitled, *Count Eleven: Intentional Infliction of Emotional Distress.*

20. These defendants deny the allegations contained in paragraph 38 of that portion of the complaint entitled, *Count Twelve: Negligent Infliction of Emotional Distress.*

21. These defendants deny the allegations contained in paragraph 39 of that portion of

the complaint entitled, *Count Thirteen: Negligent Supervision and Training.*

AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE

These defendants plead absolute and qualified immunity as a bar to the within Complaint.

SECOND AFFIRMATIVE DEFENSE

These defendants plead all forms of statutory and common law immunity as a bar to the within Complaint.

THIRD AFFIRMATIVE DEFENSE

These defendants plead the statutory cap on damages, as set forth in R.I.G.L. § 9-31-1, et seq., with regard to plaintiffs' State law claims.

FOURTH AFFIRMATIVE DEFENSE

These Defendants should be liable—if at all—only for the portion of the damages sustained by Plaintiffs as is determined by the jury to be the result of the allocable percentage of fault or negligence on the part of these defendants and, further, these Defendants cannot be jointly and severally liable to the plaintiffs for the negligence or fault of another because the doctrine of common law joint and several liability is: (1) inconsistent with the doctrine of comparative negligence; and (2) against the public policy of the State of Rhode Island.

FIFTH AFFIRMATIVE DEFENSE

These defendants assert that plaintiffs' alleged injuries are a result of third parties for whose conduct these defendants cannot be held liable.

**These defendants demand a jury trial.**

Defendants,
Town of Tiverton, Tiverton School Department, and Patricia R. Aull,
By their attorney,

*/s/ Marc DeSisto*

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
(401) 272-4442
(401) 272-9937 fax
marc@desistolaw.com

CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court and is available for viewing and downloading from the ECF system. Notice will be sent via other means, to:

V. Edward Formisano, Esq.
Sinapi, Formisano & Co., Ltd.
100 Midway Place, Suite 100
Cranston, RI 02920-5707

Joseph Palumbo, Esq.
24 Valley Road
Middletown, RI 02842

*/s/ Marc DeSisto*

Marc DeSisto