**UNITED STATES DISTRICT COURT**
**OF THE STATE OF RHODE ISLAND**

| | | |
|---|---|---|
| **RAEMOND SANFORD, a minor, by and through DAVID SANFORD and KELLY SANFORD, as parents and guardians** | } | |
| **Plaintiff** | } | |
| **v.** | } | **CA No. 06-487T** |
| **TOWN OF TIVERTON, by and through its Treasurer, JAMES AMARANTES, TOWN OF TIVERSON SCHOOL DEPARTMENT, NEWPORT COUNTY REGIONAL SPECIAL EDUCATION PROGRAM, KRISTEN FOLEY, DONALD DECOSTA and PRINCIPAL AULL** | } | |
| **Defendants** | } | |

**AMENDED ANSWER OF DEFENDANTS NEWPORT COUNTY REGIONAL SPECIAL EDUCATION PROGRAM and DONALD DECOSTA**

1. These defendants deny the allegations contained in the unnumbered paragraph of that portion of the compliant entitled *I, Introductory Statement*.

2. These defendants admit the allegations contained in paragraphs 1, 2, 3, 4, 5, 6, and 7 of that portion of the complaint entitled *II. Parties*.

3. These defendants are without information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the complaint.

4. These defendants make no response to the allegation contained in paragraph 9 of the complaint regarding venue as no response is required.

5. These defendants admit the allegations contained in paragraphs 10, 11, 12 and 13 of the complaint.

6. These defendants deny the allegations contained in paragraphs 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, and 25 of the complaint.

7. These defendants reallege and incorporate by reference their responses to paragraphs 1-25 of the complaint in response to paragraph 26 of the complaint.

8. These defendants deny the allegations contained in paragraph 27 of the complaint entitled *Count One: Unreasonable Seizure in Violation of 42 U.S.C.* §*1983.*

*9.* These defendants deny the allegations contained in paragraph 28 of the complaint entitled *Count Two: Deprivation of Due Process in Violation of 42 U.S.C.* §*1983.*

10. These defendants deny the allegations contained in paragraph 29 of the complaint entitled *Count Three: Unlawful Discrimination---42 U.S.C.* §*12131, et seq*.

*11.* These defendants deny the allegations contained in paragraph 30 of the complaint entitled *Count Four: Unlawful Discrimination—29 U.S.C.* §*794, et seq.*

12. These defendants deny the allegations contained in paragraph 31 of the complaint entitled *Count Five: Deprivation of Due Process in Violation of Article I,* § *2 of the Rhode Island Constitution.*

13. These defendants deny the allegations contained in paragraph 32 of the complaint entitled *Count Six: Unreasonable seizure in Violation of Article I, §6 of the Rhode Island Constitution.*

14. These defendants deny the allegations contained in paragraph 33 of the complaint entitled *Count Seven: Unlawful Discrimination—R.I.G.L. §42-112-1, et seq.*

15. These defendants deny the allegations contained in paragraph 34 of the complaint entitled *Count Eight: Negligence.*

16. These defendants are without sufficient knowledge to respond to the allegations contained in paragraph 34 of the complaint entitled *Count Nine: Assault.* Answering further, the allegations contained in paragraph 35 are not directed to these defendants.

17. These defendants are without sufficient knowledge to respond to the allegations contained in paragraph 36 of the complaint entitled *Count Ten: Battery*. Answering further, the allegations contained in paragraph 31 are not directed to these defendants.

18. These defendants deny the allegations contained in paragraph 37 of the complaint entitled *Count Eleven: Intentional Infliction of Emotional Distress.*

19. These defendants deny the allegations contained in paragraph 38 of the complaint entitled *Count Twelve: Negligent Infliction of Emotional Distress.*

20. These defendants deny the allegations contained in paragraph 39 of the complaint entitled *Count Thirteen: Negligent supervision and Training.*

FIRST AFFIRMATIVE DEFENSE

These defendants plead absolute and qualified immunity as a bar to the complaint.

SECOND AFFIRMATIVE DEFENSE

These defendants plead statutory and common law immunity as a bar to the complaint.

THIRD AFFIRMATIVE DEFENSE

These defendants plead the statutory cap on damages, as set forth in R.I.G.L. § 9-31-1, et.seq., as to plaintiff's state law claims.

FOURTH AFFIRMATIVE DEFENSE

These defendants should be liable—if at all---only for the portion of the damages sustained by plaintiff to be the result of the allocable percentage of fault or negligence on the part of these defendants, and, further these defendants cannot be jointly and severally liable to the plaintiff for the negligence or fault of another because the doctrine of common law joint and several liability is: (1) inconsistent with the doctrine of comparative negligence; and (2) against the public policy of the State of Rhode Island.

FIFTH AFFIRMATIVE DEFENSE

These defendants assert that plaintiffs' alleged injuries are a result of a person or persons whose conduct was outside the scope of their authority.

SIXTH AFFIRMATIVE DEFENSE

These defendants plead insufficiency of process and insufficiency of service of process.

Newport County Regional Special
Education Program and Donald DeCosta

By their Attorney,

/s/ Joseph R. Palumbo, Jr.
**Joseph R. Palumbo, Jr., #0405**
294 Valley Road
Middletown, RI 02842
Tel: (401) 846-5200
Fax: (401) 848-0984
Email: joseph@palumbolaw.net

**Certificate of Service**

I, **Joseph R. Palumbo, Jr.,** hereby certify that I caused the foregoing document to be electronically filed with the Court and is available for viewing on the EFC system, and, caused a copy of the foregoing document to be sent to **V. Edward Formisano, Esquire, Sinapi, Formisano & Company, Ltd.,** 100 Midway Place, Suite 1, Cranston, Rhode Island 02920-5707 and **Marc DeSisto, Esquire**, DeSisto Law, 211 Angell Street, P.O. Box 2563, Providence, Rhode Island 02903.

/s/ Joseph R. Palumbo, Jr.